WILLIAM A. FOSTER and another *v.* WILLIAM B. SKIDMORE and others.

Where a claimant has followed the precise course prescribed by the statute, to create a lien and to bring it to a close, and has served his complaint pursuant to an order made on the appearance of the parties to join issue; the owner cannot *demur* and take an *objection* to *his proceeding*, because he has not made the contractor a party thereto.

The claimant, under such circumstances, is, in all respect, *rectus in curia;* and when the case is such as to require the equitable interposition of the court to cause other parties to be brought in, it is not by way of objection to what has been done by the plaintiff, but by way of appeal to its authority, to make the proceeding (rightly instituted) effectual to do complete justice to all who may be affected by it.

It is not very material in what particular form the application to cause the contractors to be made parties comes before the court; but in general, the order should be made on the defendant's motion or petition.

When the application is made by such motion or petition, or is urged in the defendant's answer, *it seems,* that in granting the order, the court will not charge the plaintiff with costs.

SPECIAL TERM, APRIL, 1854.

Before WOODRUFF, J.; all the members of the court concurring.

THIS cause came on for argument at a special term, on a demurrer to the complaint. The action was prosecuted under the lien law of 1851. A lien had been effected by the plaintiffs by filing the notice prescribed in the sixth section of the act. The parties appeared, pursuant to a notice served under the fourth section, after the entry of the usual order to accomplish the joining of issues. The plaintiff served his complaint, reciting his proceedings to effect and foreclose his lien, and alleging that the contractor was indebted to him for lumber furnished to certain buildings owned by the defendant; that the lumber was of the value of $900; and that it was delivered pursuant to an agreement between the claimant and the contractor, and in conformity with the requirements of the owner's contract. The defendants demurred, on the ground

that the complaint showed a defect of parties, and that the contractor should have been made a defendant in the cause.

*E. L. Fancher* and *John M. Eager*, for the defendants.

*P. Vanantwerp* and *Thomas D. James*, for the plaintiffs.

BY THE COURT. WOODRUFF, J.—It was held by this court in general term, in *Sullivan* v. *Decker*, (a) that a contractor was a proper party to a proceeding for the enforcement of a lien, (created under the act known as the "mechanics' lien law,") when the lien is claimed by a laborer or sub-contractor, and that the defendant might make application to the court to require the contractor to be brought in.

But the court did not intend to be understood as holding that the claimant, who had followed the precise course pointed out by the statute itself, could be met by a demurrer to his proceeding, because he did not also give a notice, which the statute does not prescribe.

The statute has directed in what manner a proceeding to foreclose the lien shall be instituted, and directs, that upon the appearance of the claimant and the owner in court, the issues shall be joined. The formal pleadings which follow, are directed by the court as the convenient and proper mode of complying with the statute, *i. e.*, of joining the issues. But the court did not intend (by an order that the plaintiff complain and the defendant answer) to place the claimant in any worse condition than if the issues were to be joined in any less formal manner. And if the claimant, in pleading, alleges every fact which, by the statute, entitles him to his lien, and every fact which is necessary, if he have obtained a lien, to entitle him to recover, I think no *objection* to *his proceedings* can be sustained, however proper it may be for the court to call in other parties who have an interest in the matters alleged. The claimant is, in such case, in all respects *rectus in curia*,

---

(a) *Ante*, p. 699.

Foster v. Skidmore.

and if the case be such as to require the equitable interposition of the court to cause other parties to be brought in, it is not by way of *objection to what has been done* by the plaintiff, but by way of appeal to its authority to make the proceedings, rightly instituted, effectual to do complete justice to all who may be affected by them.

Possibly the court might, in some cases, feel bound to make the proper order of its own motion, and no doubt the court would do so if the plaintiff sought it; but in general, I think it should be done on the *defendant's motion* or *petition*. The order is mainly for his benefit.

Oftentimes it will be wholly unnecessary to cause the contractor to be brought in.

Sometimes the owner may not wish it; and if he do not, it would be unnecessary to render the proceeding complicated by such an order.

In *Sullivan* v. *Decker*, above referred to, it was because we did *not* regard the question as one which ought to be "viewed strictly as an *objection* to the plaintiff's proceeding," that we held that it might be raised by motion on behalf of the defendant, without demurrer or answer.

As suggested in that case, it is not very material in what particular form the application to cause the contractors to be made parties comes before the court; if it was urged in the answer of the owner, or on his motion or petition, we should not charge the plaintiff with costs for not having already anticipated the defendant's wish in this respect; and if I were to sustain a demurrer for this cause, I should feel bound to do so upon a very latitudinarian view of its office, *i. e.*, by treating it as in effect a motion to add parties, which I could only do upon the ground that the pleadings in lien cases, being prescribed by the court, are to be treated as matters of practice, which may be moulded to any form to accomplish the end in view.

I deem it, however, most suitable to direct that this demurrer be over-ruled, and leave the defendant to apply specifically to have the contractors called in. That practice will

be most simple and convenient, and least expensive; indeed, when the rule is once settled, the order will be almost *of course*, where the owner seeks it.

But I recommend that the plaintiff here consent that the demurrer be withdrawn, and the order to add parties be made without further notice. He alone will suffer by the delay. Upon such consent, such an order will be made instantly.

As the demurrer was put in, in good faith, and founded upon the principle settled in *Sullivan* v. *Decker*, and before the practice was settled, I will allow the defendant to withdraw the demurrer, and direct that the plaintiff's costs thereupon abide the event of the suit.

Ordered accordingly.